UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIE RAY PEAVY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-348 JD |
| | ) | |
| CITY OF ELKHART, IN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Willie Ray Peavy, a pro se prisoner, filed a complaint alleging that two State court judges and their staff sent him altered transcripts of his criminal proceedings. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

The only defendant Peavy names in the complaint is the City of Elkhart. However, the city is not responsible for anything done by the two State court judges. *See* Indiana Code 33-38-12-4. Therefore this complaint does not state a claim. Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass' n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Peavy cannot amend to name either of the judges because they have judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). Neither can he sue judicial staff for complying with the orders of a judge. *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) ("Judicial clerks are entitled to absolute immunity when they act at the direction of a judicial officer . . .."). The first altered transcript was sent to him in April 2014 which is beyond Indiana's two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Peavy alleges that accurate transcripts would undermine the validity of his criminal sentence and he seeks 8 million dollars. However, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court explained that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Thus any amendment which Peavy could offer would be futile.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

ENTERED: May 10, 2017.

 /s/ JON E. DEGUILIO
Judge
United States District Judge